**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Michael Simon,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of the Social Security Administration,<br><br>    Defendant. | No. CV 12-386-PHX-FJM<br><br>**ORDER** |

Plaintiff brought this action seeking judicial review of the Social Security Administration's decision denying his application for a period of disability benefits. The court now has before it plaintiff's opening brief (doc. 14), defendant's answering brief (doc. 17), plaintiff's reply brief (doc. 18) and the administrative record (doc. 9).

A district court may set aside a denial of benefits "only if it is not supported by substantial evidence or if it is based on legal error." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion. Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Id. (citation omitted).

**I**

Plaintiff filed an application for disability insurance benefits on September 9, 2009,

alleging a disability onset date of August 28, 2008, later amended to January 1, 2009. The claim was denied initially on January 25, 2010, and upon reconsideration on May 4, 2010. Following a hearing on July 12, 2011, the administrative law judge ("ALJ") issued a decision finding that plaintiff was not disabled within the meaning of the Social Security Act, and denying benefits. The Appeals Council denied plaintiff's request for review on December 27, 2011, rendering the ALJ's decision final.

The ALJ followed the Social Security Act's five-step procedure to determine whether plaintiff is disabled. *See* 20 C.F.R. § 416.920(a)(4). First, the ALJ determined that plaintiff meets the status requirements of the Social Security Act and has not engaged in substantial gainful activity since the date of alleged onset. Tr. 18. At step two, the ALJ found that plaintiff has chronic osteoarthritis pain in his legs, gastroesophageal reflux disease, gastric syndrome resulting in weight loss, depression, anxiety, and PTSD, impairments that are considered "severe" within the meaning of the regulations. Tr. 18-19. At step three, the ALJ found the plaintiff's impairments do not meet the criteria listed in the regulations. Tr. 19. Next, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b). Tr. 19-23. At step four, the ALJ concluded that the plaintiff can perform his past relevant work as an attorney. Tr. 23-25.

The ALJ consulted a vocational expert ("VE") at the hearing. The VE testified that a person limited to plaintiff's RFC could perform plaintiff's past relevant work as an attorney as well as other jobs including a credit reference clerk and skip tracer. Tr. 23-24. Based on the VE's testimony, the ALJ concluded at step five that plaintiff is not disabled. Tr. 24.

Plaintiff challenges the ALJ's decision, arguing that the ALJ erred by rejecting the assessments of his three treating physicians, Drs. Hannish, Malanga and Grout. Plaintiff also argues that the ALJ erred by relying on the assessment of a consultative examiner and the opinions of non-examining state agency reviewers. Finally, plaintiff argues that the ALJ erred by rejecting his symptom testimony. Plaintiff urges that we remand for an award of disability benefits.

For the reasons set forth below, we affirm the Commissioner's ruling.

**II**

Plaintiff first argues that the ALJ erred by effectively rejecting the assessments of his three treating physicians, Drs. Hannish, Malanga and Grout. We disagree. The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a treating physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995)(citation ommitted). Where such an opinion is contradicted, however, the ALJ may reject that opinion for "specific and legitimate reasons that are supported by substantial evidence in the record." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted).

Here, the ALJ discounted Dr. Hannish's opinion, noting significant inconsistencies between Dr. Hannish's progress notes dated May 11, 2011 and her May 22, 2011 assessment of plaintiff's ability to work. Tr. 21. Dr. Hanish's progress notes reveal that plaintiff performed normally on a mental status exam, without any suicidal ideation, and reported improved ability to handle interpersonal relationships since meeting his fiancée. Tr. 21, 694. Yet, eleven days later, Dr. Hanish cited plaintiff's issues with interpersonal relationships and frequent suicidal ideation as serious limitations to his ability to work. Tr. 21, 930. In addition, the ALJ specifically explained how the progress notes from the Mayo Clinic are inconsistent with Dr. Hanish's assessment of serious or greater limitations in mental functioning. Id. These inconsistencies cited by the ALJ constitute specific and legitimate reasons for discounting Dr. Hanish's opinion.

The ALJ similarly determined that Dr. Malanga's opinion should be "given less weight" based on its inconsistency with the record. Tr. 23. Dr. Malanga found that plaintiff could sit for four hours a day, as well as stand and walk for less than two hours in an eight-hour work day. Tr. 23. Dr. Malanga also opined that plaintiff could not use the bilateral upper extremities for fine and gross manipulation. Id. The latter determination is inconsistent with Mayo Clinic notes and treating physician Dr. Heigh's opinion regarding plaintiff's reported ability to practice golf for up to two hours a day. Tr. 20, 490, 501, 503,

510. Accordingly, the ALJ expressed legitimate concerns about inconsistencies between Dr. Malanga's opinion and the record regarding plaintiff's "upper extremity function and the ability to perform at least light work activity." Tr. 23.

Finally, the ALJ did not err in finding that Dr. Grout's opinion merited less weight based upon its inconsistency with the record. Tr. 22. Dr. Grout opined that claimant could not sustain an eight-hour workday on a regular and continuing basis, but did not include clinical findings to support his conclusions. Tr. 938. The ALJ need not accept a treating physician's opinion which is "brief and conclusionary in form with little in the way of clinical findings to support [its] conclusion." Magallanes v. Bowen 881 F.2d 747, 751 (9th Cir.1989).

Consequently, we hold that the ALJ provided specific and legitimate reasons for discounting the opinions of plaintiff's three treating physicians.

**III**

Next, plaintiff argues that the ALJ erred by improperly relying on the assessment of Dr. Patel, a consultative examiner, and the opinions of non-examining state agency reviewers. We disagree.

The ALJ noted specific and legitimate reasons for giving greater weight to Dr. Patel's opinions regarding the plaintiff's mental functioning. First, the ALJ stated that Dr. Patel diagnosed plaintiff with "consistent and serious symptoms and limitations in social and occupational functioning." Tr. 22. The ALJ also noted that Dr. Patel found the plaintiff denied suicidal intent and had an overall decrease in suicidal ideation. Id. These findings are consistent with Dr. Civalier's opinion and Dr. Hanish's May 11, 2011 progress notes. Tr. 515-17, 694, 947-55. Finally, the ALJ noted that Dr. Patel's Global Assessment Functioning Score was consistent with the claimant's attempted suicide at the time. Tr. 22. Accordingly, the ALJ did not err by giving Dr. Patel's opinions greater weight.

Moreover, the ALJ did not improperly rely on opinions of non-examining state agency

- 4 -

1    reviewers. "The opinions of non-treating or non-examining physicians may also serve as
2    substantial evidence when the opinions are consistent with independent clinical findings or
3    other evidence in the record." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002)
4    (citations omitted). Here, the State agency's reviewing physicians found that plaintiff could
5    meet the physical demands of a range of light work and that he did not have a severe mental
6    impairment. Tr. 81-84, 474-81. The ALJ stated he gave greater weight to the reviewing
7    physicians "because their opinions were not inconsistent with the greater record." Tr. 23.
8    Indeed, the reviewing physicians opinions are consistent with the opinions of Drs. Heigh and
9    Patel, and the vocational expert. Tr. 516, 632. Thus, the ALJ properly relied upon the
10   opinions of the State agency's reviewing physicians and gave greater weight to their finding
11   that plaintiff could perform a wide range of light work activity.

## IV

14   Next, plaintiff argues that the ALJ failed to articulate clear and convincing reasons for
15   rejecting his symptom testimony. When weighing the credibility of the symptom testimony,
16   the ALJ may consider inconsistencies between plaintiff's testimony and his conduct, daily
17   activities, and work record. Thomas, 278 F.3d at 958–59. "If the ALJ's credibility finding is
18   supported by substantial evidence in the record, we may not engage in second-guessing." Id.
19   at 959.

20   Here, the ALJ found that the plaintiff's statements concerning the intensity,
21   persistence and limiting effects of these symptoms are not credible to the extent alleged. Tr.
22   20. Specifically, the ALJ found "[p]rogress reports show [plaintiff's] overall mental
23   symptoms have improved, although [he] claims that psychotherapy has provided only
24   marginal benefit." Id. In addition, the ALJ found, based on a 2010 psychiatric evaluation
25   by Dr. Patel, that plaintiff's "ability to operate a motor vehicle demonstrates an improvement
26   in his PTSD symptoms." Id. The ALJ also found that plaintiff's subjective complaints were
27   inconsistent with his daily activities, as reported to Dr. Patel. Id. Finally, the ALJ noted that

plaintiff's gastroenterologist stated that the plaintiff's "ability to practice golf for up to 2 hours a day indicates sufficient physical functioning for at least light activity." Id. These specific findings are substantial evidence to support the ALJ's decision to discount the plaintiff's subjective complaints.

## V

Based on the foregoing, we conclude that the ALJ's conclusion that plaintiff is not disabled is supported by substantial evidence in the record. Therefore, **IT IS ORDERED AFFIRMING** the decision of the Commissioner denying disability benefits. The clerk shall enter final judgment.

DATED this 18th day of October, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge